# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **CHARLES E.,**<br><br>Plaintiff,<br><br>v.<br><br>**KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security,**<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br><br>**Case No. 2:21-cv-00728-JCB**<br><br>**Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties in this case have consented to Judge Jared C. Bennett conducting all proceedings, including entry of final judgment.[1] Before the court is Plaintiff Charles E.'s ("Plaintiff") motion for an award of fees[2] under the Equal Access to Justice Act ("EAJA").[3] Based upon the analysis set forth below, Plaintiff's motion is granted in part and denied in part, and Plaintiff is awarded $4,598.67 in EAJA fees, $402.00 in costs, and $18.39 in expenses.

## BACKGROUND

On December 13, 2021, Plaintiff filed his complaint in this case[4] seeking review of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision

---

[1] ECF No. 9.

[2] ECF No. 22.

[3] 28 U.S.C. § 2412.

[4] ECF No. 2.

determining that Plaintiff was not entitled to Disability Insurance Benefits under Title II of the Social Security Act.[5] After the Commissioner filed an answer[6] and the administrative record,[7] Plaintiff filed his motion for review of agency action on May 23, 2022.[8] Plaintiff's motion raised only one issue—namely, that the Commissioner's final decision was not supported by substantial evidence because the Administrative Law Judge failed to properly evaluate a particular medical opinion.

Less than a month later, the Commissioner filed an unopposed motion to remand this case to the Social Security Administration under sentence four of 42 U.S.C. § 405(g).[9] The court subsequently granted the Commissioner's motion.[10] Accordingly, the court entered a judgment reversing the Commissioner's final decision and remanding this case to the Social Security Administration for further proceedings under sentence four of 42 U.S.C. § 405(g).[11]

Plaintiff now moves for fees under the EAJA.[12] Plaintiff seeks an EAJA fee award of $7,586.26, an award of costs in the amount of $402.00, and an award of expenses in the amount of $18.39. The Commissioner does not object to an award of EAJA fees, costs, and expenses to Plaintiff.[13] However, the Commissioner argues that Plaintiff's requested EAJA fee award should

---

[5] 42 U.S.C. §§ 401-434.
[6] ECF No. 11.
[7] ECF Nos. 12-14.
[8] ECF No. 17.
[9] ECF No. 19.
[10] ECF No. 20.
[11] ECF No. 21.
[12] ECF No. 22.
[13] ECF No. 25.

be reduced because Plaintiff's counsel's and paralegals' claimed hours are excessive. In his reply, Plaintiff seeks not only his original requested award of EAJA fees, costs, and expenses but also an additional EAJA fee award of $1,401.59 for his counsel's time spent drafting the reply.[14] Thus, Plaintiff requests a total EAJA fee award of $8,987.85.

## ANALYSIS

Plaintiff's EAJA fee request is unreasonable because his counsel's and paralegals' claimed hours are excessive. Therefore, the court reduces those hours and, consequently, reduces Plaintiff's EAJA fee award from what he requests. The court also grants Plaintiff's request for an award of costs and expenses because the Commissioner does not oppose that request. Accordingly, Plaintiff's motion for fees under the EAJA is granted in part and denied in part.

Under the EAJA, Plaintiff is entitled to an award of attorney fees and paralegal fees[15] if: "(1) [he] is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."[16] Importantly, the Commissioner does not argue that Plaintiff fails to satisfy those requirements. Accordingly, the court turns to the amount of Plaintiff's EAJA fee award.

---

[14] ECF No. 29.

[15] *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 521 (10th Cir. 1993) (concluding that reasonable hours for work performed by non-attorneys, such as paralegals, are recoverable under the EAJA).

[16] *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)); *see also* 28 U.S.C. § 2412(d)(1)(A) ("Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.").

When awarding fees under the EAJA, the court has "substantial discretion in fixing the amount of [the] award."[17] Once a plaintiff has satisfied the requirements for entitlement to an EAJA fee award, the court employs the lodestar method to determine a reasonable fee.[18] Under that method, "the district court must calculate the 'lodestar,' which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate. The party requesting attorney fees bears the burden of proving the amount of hours spent on the case and the appropriate hourly rates."[19]

The Commissioner does not take issue with Plaintiff's counsel's claimed hourly rate of $229.77 for 2021 and $244.46 for 2022 or with Plaintiff's paralegals' claimed hourly rate of $100.00. Further, the court notes that those rates are consistent with rates awarded to Plaintiff's counsel and paralegals in another recent case in this court.[20] Accordingly, the court accepts those hourly rates as reasonable.

Having determined that Plaintiff's counsel's and paralegals' claimed hourly rates are reasonable, the only remaining issue before the court is: (I) assessing the reasonableness of their claimed hours. After analyzing that issue below, the court: (II) awards Plaintiff $4,598.67 in

---

[17] *Comm'r, Immigr. & Naturalization Serv. v. Jean*, 496 U.S. 154, 163 (1990).

[18] *Id.* at 161 (providing that "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as" the lodestar method described in *Hensley v. Eckerhart*, 461 U.S. 424, 433-37 (1983)); *see also Safa H. v. Saul*, No. 2:19-CV-00387-JCB, 2021 WL 842583, at *1 (D. Utah Mar. 4, 2021).

[19] *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citations omitted).

[20] *Hardister v. Kijakazi*, No. 1:21-CV-50 DBP, 2022 WL 2304284, at *3 (D. Utah June 27, 2022) (applying hourly rate of $229.77 for Plaintiff's counsel and hourly rate of $100.00 for Plaintiff's counsel's paralegals).

EAJA fees, and (III) grants Plaintiff's unopposed request for an award of $402.00 in costs and $18.39 in expenses.

I. **Reasonableness of Plaintiff's Counsel's and Paralegals' Claimed Hours**

Plaintiff's counsel's and paralegals' claimed hours are excessive. In analyzing the reasonableness of claimed attorney and paralegal hours, the court considers whether: (A) the hours are supported by adequate billing records; (B) the attorney has exercised billing judgment; and (C) the hours expended on each task are reasonable.[21] Each consideration is addressed below.

A. <u>Billing Records</u>

In assessing billing records, "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."[22] Here, Plaintiff's counsel has submitted sufficiently detailed billing records.[23]

B. <u>Billing Judgment</u>

Next, the court must ensure that the party's counsel has "exercised billing judgment."[24] "Billing judgment consists of winnowing the hours actually expended down to the hours

---

[21] *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).
[22] *Id.*
[23] ECF Nos. 22-2; 22-3; 22-4.
[24] *Case*, 157 F.3d at 1250 (quotations and citations omitted).

reasonably expended. Hours that an attorney would not properly bill to his or her client cannot reasonably be billed to the adverse party, making certain time presumptively unreasonable."[25]

Plaintiff's counsel has generally exercised adequate billing judgment, with the exception of billing time for certain clerical tasks (i.e., work related to service of process, entries of appearance, and processing the administrative record) that the *Hardister* court found were not compensable under the EAJA.[26] Importantly, Plaintiff's counsel represented the plaintiff in *Hardister*, and Plaintiff's motion for EAJA fees in this case was filed after the *Hardister* court rendered its decision. Thus, Plaintiff's counsel should have been aware that eliminating the claimed hours for those clerical tasks was appropriate here, yet it does not appear that Plaintiff's counsel did so. Consequently, the court will reduce those hours when considering the reasonableness of the claimed hours below.

C. Reasonableness of Hours Expended on Each Task

Finally, the court "look[s] at the hours expended on each task to determine if they are reasonable."[27] The court "approach[es] this reasonableness inquiry much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients."[28] The court may reduce counsel's hours "if they include 'hours that were unnecessary, irrelevant[,] and

---

[25] *Id.* (citations omitted).

[26] *Hardister*, 2022 WL 2304284, at *3 ("[S]tandard clerical tasks are not compensable under the EAJA"); *see also Richards v. Kijakazi*, No. CIV-20-629-AMG, 2022 WL 5245307, at *2 (W.D. Okla. May 16, 2022) ("Clerical services are not compensable under the EAJA."); *Stone v. Kijakazi*, No. CIV-20-914-AMG, 2021 WL 9827079, at *3 (W.D. Okla. Dec. 1, 2021) (same).

[27] *Case*, 157 F.3d at 1250.

[28] *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citation omitted)

duplicative.'"[29] "[T]he overriding consideration [is] whether the attorney's hours were 'necessary' under the circumstances."[30] In making the reasonableness determination, the court "considers the following factors: (1) 'the complexity of the case,' (2) 'the number of reasonable strategies pursued,' (3) 'the responses necessitated by the maneuvering of the other side,' and (4) 'the potential duplication of services.'"[31] Additionally, the court considers the twelve factors in *Johnson v. Georgia Highway Express, Inc.*[32] Below, the court first addresses the four factors set forth in *Case*, followed by the twelve factors in *Johnson*. Based on its consideration of those factors, the court concludes that some of Plaintiff's counsel's and paralegals' claimed hours are not reasonable.

Turning to the first *Case* factor, this is not a complex case. Plaintiff's complaint is 4 pages long and is substantively identical to other complaints Plaintiff's counsel has filed in this court.[33] Additionally, Plaintiff's motion for review of agency action raised only one issue, which

---

[29] *Utah Physicians for a Healthy Env't, Inc. v. Diesel Power Gear, LLC*, No. 2:17-CV-00032-RJS, 2021 WL 254268, at *3 (D. Utah Jan. 26, 2021) (quoting *Case*, 157 F.3d at 1250).

[30] *Robinson*, 160 F.3d at 1281.

[31] *Utah Physicians*, 2021 WL 254268, at *3 (quoting *Case*, 157 F.3d at 1250).

[32] 488 F.2d 714, 717-19 (5th Cir. 1974) (stating that when considering the reasonableness of attorney fees, the court should consider: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases); *see also Gottlieb v. Barry*, 43 F.3d 474, 482 (10th Cir. 1994) (stating that the Tenth Circuit applies the twelve *Johnson* factors in statutory fee cases).

[33] *See, e.g.*, *Timothy H. v. Kijakazi*, No. 2:21-cv-00695-DBP, ECF No. 2; *Anthony G. v. Kijakazi*, No. 2:21-cv-00623-JCB, ECF No. 4; *Nicole A. v. Kijakazi*, 2:21-cv-00270-DAO, ECF No. 2; *Beth S. v. Kijakazi*, No. 2:21-cv-00265-CMR, ECF No. 2; *Crystal C. v. Kijakazi*, No. 2:21-cv-00264-JCB, ECF No. 3.

was not novel from a legal standpoint. Considering the second *Case* factor, Plaintiff's counsel was not required to pursue a great number of strategies to resolve this case. Again, Plaintiff's motion for review of agency action raised only one issue. Although that issue may have been factually intensive, it was not legally complicated. Under the third *Case* factor, it does not appear that Plaintiff's counsel was required to respond to maneuvering from the Commissioner. Indeed, the Commissioner moved to remand this case less than one month after Plaintiff filed his motion for review of agency action. As for the final *Case* factor, Plaintiff's counsel and paralegals did expend some excessive and duplicative hours and bill for non-compensable time, which the court will discuss below.

      Next, the court addresses the *Johnson* factors. First, as explained below, Plaintiff's counsel's and paralegals' claimed number of hours exceed the number of hours required to accomplish the tasks related to those hours. Second, as noted above, this case did not involve novel or difficult questions of law. Third, the court is not persuaded that the skill required to bring this case to a resolution justifies all of Plaintiff's counsel's and paralegals' claimed hours because of the lack of complexity of the case. Fourth, given the total number of hours Plaintiff's counsel and paralegals spent on this case, this case does not appear to have precluded work on other matters to a high degree. Fifth, although the court has accepted Plaintiff's counsel's and paralegal's billing rates as reasonable, the total amount of fees Plaintiff seeks is above the customary fee for this type of case. Sixth, because this case involves an award of fees under the EAJA, the fee is contingent, which required Plaintiff's counsel to prosecute the case with some risk that fees and costs would not be recoverable. Thus, the sixth factor weighs in Plaintiff's counsel's favor. Seventh, it does not appear that Plaintiff's counsel was under any time

limitations in this case. Eighth, although Plaintiff's counsel obtained a successful result in this case, the court is unaware of the amount involved with Plaintiff's underlying claim. Accordingly, the court does not consider that factor. Ninth, Plaintiff's counsel is well qualified and experienced; however, Plaintiff's counsel's and paralegals' claimed hours are excessive, as will be discussed below. Tenth, given that Plaintiff's counsel has filed numerous cases similar to Plaintiff's in this court, it does not appear that Plaintiff's counsel views Plaintiff's case as being undesirable. Eleventh, the court is unaware of the nature and length of Plaintiff and his counsel's professional relationship and, therefore, does not consider that factor. Finally, recent federal court decisions in the Tenth Circuit demonstrate that attorney fee awards in similar cases are much lower than the amount Plaintiff seeks in this case.[34]

Having considered the relevant factors, the court turns to its determination of the reasonableness of Plaintiff's counsel's and paralegals' claimed hours. For work leading up to and including Plaintiff's motion for EAJA fees, Plaintiff's counsel claims 2.1 hours of attorney time

---

[34] *See, e.g.*, *Hardister*, 2022 WL 2304284, at *1-4 (granting in part the plaintiff's request for $10,472.10 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) following the filing of plaintiff's opening brief and awarding the plaintiff $6,559.73 in EAJA fees); *Richards*, 2022 WL 5245307, at *1-3 (granting in part the plaintiff's request for $6,277.60 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) and awarding the plaintiff $5,881.60 in EAJA fees); *Stone*, 2021 WL 9827079, at *1-4 (granting in part the plaintiff's request for $6,197.40 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) and awarding the plaintiff $4,722.60 in EAJA fees); *Hadi v. Kijakazi*, No. 20-CV-02095-REB, 2021 WL 5086066, at *1-3 (D. Colo. Nov. 2, 2021) (awarding the plaintiff $6,730.60 in EAJA fees after a remand under sentence four of 42 U.S.C. § 405(g) following the filing of the plaintiff's opening brief).

in 2021,[35] 26.4 hours of attorney time in 2022,[36] and 6.5 hours of paralegal time.[37] Plaintiff's counsel also claims 6.1 hours of attorney time in 2022 for the reply in support of his motion for EAJA fees.[38] In response to Plaintiff's motion, the Commissioner argues: (1) Plaintiff's counsel's 24.6 hours devoted to Plaintiff's motion for review of agency action should be reduced by 33%; (2) certain of Plaintiff's counsel's and paralegals' hours for clerical tasks should be reduced or eliminated; (3) Plaintiff's counsel's hours for preparing Plaintiff's motion for EAJA fees should be reduced by 50%; and (4) Plaintiff's counsel should not be permitted to claim hours for preparing his reply in support of Plaintiff's motion for EAJA fees.

The court disagrees with the Commissioner's third argument related to Plaintiff's counsel's hours spent on Plaintiff's motion for EAJA fees. The court concludes that the hours sought for that task are reasonable. However, the court agrees, at least in part, with the Commissioner's remaining arguments. Thus, the court reduces certain of Plaintiff's counsel's and paralegals' hours as set forth below.

First, Plaintiff's claimed 24.6 attorney hours related to the motion for review of agency action are excessive given the lack of complexity in this case. Again, Plaintiff's motion for review of agency action raised a single issue, which resulted in remand soon after that motion

---

[35] ECF No. 22-3.
[36] *Id.*
[37] ECF No. 22-4.
[38] ECF No. 29-1.

was filed. However, the court will not grant the Commissioner's request to reduce those hours by 33%. Instead, the court reduces those hours by roughly 25%, or 6 hours for work in 2022.[39]

Second, the court reduces certain of Plaintiff's claimed paralegal and attorney hours to account for time devoted to clerical tasks because "standard clerical tasks are not compensable under the EAJA."[40] Those non-compensable clerical tasks include work related to service of process, entries of appearance, and processing the administrative record.[41] Because such tasks are included in both Plaintiff's counsel's and paralegals' claimed hours, the court reduces Plaintiff's claimed attorney time by 0.1 hours for work in 2021, attorney time by 0.4 hours for work in 2022, and paralegal time by 3 hours.

Finally, the court reduces Plaintiff's counsel's hours related to the reply in support of Plaintiff's motion for EAJA fees. As stated by the court in *Hardister*, "[t]he Tenth Circuit has

---

[39] *Hardister*, 2022 WL 2304284, at *3 (reducing the plaintiff's counsel's total claimed hours by 25% because of "the issues raised in the case and the fact that a remand was obtained early in the proceedings"); *Shelby v. Colvin*, No. CIV-15-174-KEW, 2017 WL 383352, at *2 (E.D. Okla. Jan. 27, 2017) (reducing the plaintiff's counsel's hours related to briefing by 25% because of the "lack of complexity of the issues presented" and because "the preparation time on the briefing [was] a bit bloated").

[40] *Hardister*, 2022 WL 2304284, at *3; *see also Richards*, 2022 WL 5245307, at *2; *Stone*, 2021 WL 9827079, at *3.

[41] *Hardister*, 2022 WL 2304284, at *3 (reducing attorney time claimed related to entries of appearance and issuing and filing the complaint, summons, and civil cover sheet, as well as reducing "the claimed paralegal time by one half to account for time expended on clerical tasks such as file maintenance and bookmarking PDF documents"); *Richards*, 2022 WL 5245307, at *2 (concluding that "[p]reparing a summons and cover sheet and verifying service and executing a return of service is clerical work" that is not compensable under the EAJA (quotations and citation omitted)); *Stone*, 2021 WL 9827079, at *3 (same); *Lann v. Colvin*, No. CIV-14-827-R, 2015 WL 8262223, at *1 (W.D. Okla. Nov. 10, 2015) (same), *report and recommendation adopted*, No. CIV-14-827-R, 2015 WL 8207431 (W.D. Okla. Dec. 7, 2015).

11

noted that 'litigation over attorney fees is singularly unproductive,'"[42] "[a]nd the Supreme Court has advised that a 'request for attorney's fees should not result in a second major litigation.'"[43] Under those principles, the court will reduce Plaintiff's counsel's hours connected to the reply by roughly 75%, or 4.5 hours for work in 2022.[44]

In sum, the court reduces: (1) Plaintiff's counsel's claimed hours for work in 2021 by 0.1 hours, resulting in 2 total attorney hours for 2021; (2) Plaintiff's counsel's claimed hours for work in 2022 by 10.9 hours, resulting in 15.5 total attorney hours for 2022; and (3) Plaintiff's paralegals' claimed hours by 3 hours, resulting in 3.5 total paralegal hours.[45] Having determined

---

[42] *Hardister*, 2022 WL 2304284, at *3 (quoting *Cameron v. Barnhart*, 47 F. App'x 547, 551 (10th Cir. 2002)).

[43] *Id.* (quoting *Hensley*, 461 U.S. at 437).

[44] *Id.* (reducing attorney time related to a reply on a motion for EAJA fees by 75% "[b]ased on the strong preferences against litigation over fees, and the fact that this type of litigation does not advance [the plaintiff]'s case, instead focusing on a form of economic relief to improve the financial lot of an attorney"); *see also Alexander v. Astrue*, 222 F. App'x 767, 768-69 (10th Cir. 2007) ("Work expended in the preparation and defense of a fee application is compensable under EAJA. . . . This court, however, has recognized a difference 'between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award. The latter are especially suspect, and may be disallowed in their entirety.'" (quoting *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir. 1986))).

[45] The court's reduction of Plaintiff's counsel's and paralegals' hours is within its discretion to determine the reasonable number of hours for purposes of the lodestar calculation. *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time."); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) ("[T]he district court need not identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a request for attorney's fees should not result in a second major litigation." (quotations and citations omitted)).

Plaintiff's counsel's and paralegals' reasonable hours, the court turns next to calculating the lodestar to determine Plaintiff's EAJA fee award.

## II. The Court Awards Plaintiff $4,598.67 in EAJA Fees.

As noted above, the court calculates the lodestar by the multiplying the reasonable number of hours by a reasonable hourly rate. Thus, Plaintiff's total EAJA fee award is $4,598.67, which is calculated as follows: (1) 2 attorney hours for work in 2021 multiplied by the 2021 rate of $229.77 per hour, which equals $459.54; (2) 15.5 attorney hours multiplied by the 2022 rate of $244.46 per hour, which equals $3,789.13; and (3) 3.5 paralegal hours multiplied by the rate of $100.00 per hour, which equals $350.00.

## III. The Court Awards Plaintiff $402.00 in Costs and $18.39 in Expenses.

As stated above, the Commissioner does not object to Plaintiff's request for costs and expenses. Therefore, the court grants Plaintiff's request and awards him $402.00 in costs and $18.39 in expenses.

## ORDER

Based upon the foregoing, the court HEREBY ORDERS:

1. Plaintiff's motion for an award of fees under the EAJA[46] is GRANTED IN PART and DENIED IN PART.

2. Plaintiff is awarded $4,598.67 in fees under the EAJA.

---

[46] ECF No. 22.

3. Under *Astrue v. Ratliff*,[47] EAJA fees awarded by the court belong to Plaintiff and are subject to offset under the Treasury Offset Program.[48] Thus, the EAJA fee award must be paid to Plaintiff. However, if, after receiving this Memorandum Decision and Order, the Commissioner (a) determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program and (b) agrees to waive the requirements of the Anti-Assignment Act, the fees will be made payable to Plaintiff's counsel. However, if there is a debt owed under the Treasury Offset Program, the Commissioner cannot agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid to Plaintiff but delivered to Plaintiff's counsel. If Plaintiff's counsel ultimately receives an award of attorney fees under section 206(b) of the Social Security Act,[49] Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*.[50]

4. Plaintiff is awarded $402.00 in costs and $18.39 in expenses.

DATED this 17th day of February 2023.

BY THE COURT:

_____
JARED C. BENNETT
United States Magistrate Judge

---

[47] 560 U.S. 586, 595-98 (2010).

[48] 31 U.S.C. § 3716.

[49] 42 U.S.C. § 406(b).

[50] 803 F.2d 575, 580 (10th Cir. 1986).